UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
KEVIN DOOLEY,                                                      Case No.:

                              Plaintiff,                           **COMPLAINT**

              -against-                                            **JURY TRIAL DEMANDED**

UNITED STATES OF AMERICA,

                              Defendants,
--------------------------------------------------------------------------X

### COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

        Plaintiff, KEVIN DOOLEY, by his Attorneys, MICHAEL J. AVILES & ASSOCIATES, LLC, as and

for a Complaint herein, respectfully sets forth and alleges upon information and belief as

follows:

### INTRODUCTION

        1.        This is an action against the defendant United States of America under

the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), seeks damages

for negligence in connection with an accident involving plaintiff, who was riding an electric bike,

and a motor vehicle, which was leased by the United States Marine Corps and driven by a

member of the United States Marine Corps whose identity is currently unknown, when the

driver of the motor vehicle negligently opened the driver's side door into the path of oncoming

traffic.  The driver of said motor vehicle was acting within the scope of his federal employment

at the time of the act complained of herein, was negligent, and would be liable to plaintiff

under New York law.

2.     Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act, in that, on or about October 4, 2017, Plaintiff timely presented his claim to the appropriate federal agencies for administrative settlement under the FTCA. *Standard Form 95 attached as **Exhibit A**.*  Over six months have elapsed and the defendant has neither denied nor adjudicated plaintiff's claims.

3.     This suit has been timely filed, in that it was presented to the appropriate federal agencies within two years of accrual and this action was filed and defendant has neither denied nor adjudicated plaintiff's claims.  This action was filed within six months of the running of the six month period after plaintiff presented his claim to the appropriate agencies.

## PARTIES, JURISDICTION AND VENUE

4.     Plaintiff is, and at all times relevant hereto, a resident of Bronx County, New York.

5.     Defendant United States of America, through its agency, the Department of the Navy, operates the United States Marine Corps (hereinafter "Marines").

6.     At all times relevant to this Complaint, the employees, agents and staff were employed by and/or acting on behalf of the defendant United States of America, and the defendant is responsible for the negligent acts and/or omissions of their employees, agents and staff.  Said employees agents and staff were acting within the scope of their office or employment under the circumstances where the United States, if a private person, would be liable to plaintiff in accordance with the laws of New York State.

7.     Jurisdiction is proper under 28 U.S.C. § 1346 (b)(1).

8.      Venue is proper under 28 U.S.C. § 1402 (b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Southern District of New York.

**FACTUAL ALLEGATIONS**

9.      On May 18, 2017, at approximately 4:00 p.m., plaintiff was lawfully traveling on an electric bike on Burke Avenue, Bronx, New York, during the course of his employment as a delivery man.

10.     As plaintiff was travelling outside of 841 Burke Avenue, Bronx, New York, the operator, whose name is currently unknown to plaintiff, of the Chrysler sedan bearing the license plate number G10 3534S suddenly and without warning opened his car door as plaintiff was approaching.

11.     Plaintiff attempted to swerve to avoid the opened car door, which was on his right.

12.     Plaintiff was unable to avoid the opened car door and struck his right hand on said car door, which caused him to fall to the left into the lane of oncoming traffic.

13.     As plaintiff attempted to get up, his left leg and knee caught under the electric bike, which caused him to sustain serious personal injuries to his left leg and knee, including , but not limited to, a comminuted lateral tibial plateau pilon fracture with depression of mobilized central fragment, extension into the proximal tibiofibular articulation and a compression fracture of the tip of the fibular head, along with anterior and posterior talofibular ligament tears.

14.     On July 18, 2017, plaintiff underwent surgery, arthroscopic lysis of adhesions, arthroscopic tricompartmental synovectomy, arthroscopic chondroplasty debridement medial femoral condyle, arthroscopic partial lateral meniscectomy, open proximal tibial osteotomy and open reduction internal fixation bicondylar tibial plateau fracture.

15.     Since the filing of the claim, plaintiff was required to undergo additional surgeries on December 15, 2017 and in 2018, and requires ongoing medical treatment for his injuries.

## CAUSES OF ACTION

### COUNT 1 – NEGLIGENCE

16.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 15 above as if fully set forth herein.

17.     The operator of the aforementioned motor vehicle was an agent, servant, or employee of the Marines.

18.     The operator of the aforementioned motor vehicle was operating and controlling the aforesaid motor vehicle within the scope of his employment, and with the express and implied consent and permission of his employer the United States Marine Corps.

19.     The United States Marine Corps is an agency within the United States Department of the Navy, which is one of the military departments under the United States Department of Defense.

20.     Upon information and belief, the United States Marine Corps leased said motor vehicle from the United States General Services Administration.

21.     On May 18, 2017, it was duty of defendant's agent, servant and/or employee to exercise due care and caution in the operation of the subject motor vehicle having due regard for the traffic and use of the roadway.

22.     The defendant, its agent, servant and/or employee, were reckless, careless and negligent in the use, operation, control, maintenance, and entrustment of the said motor vehicle; in causing, allowing and permitting the vehicle to be operated in a dangerous, reckless, and hazardous manner; in failing to keep a proper lookout for other vehicle operators, and particularly plaintiff legally operating his electric bike with the traffic signal in his favor, at the aforementioned location; in failing to cautiously open the driver's side car door, which opened into oncoming traffic; in being in such a hurry to exit the motor vehicle that safeguards were not taken to ensure that the operator of the automobile could safely open the door before exiting the vehicle; in operating defendant's vehicle negligently, recklessly and carelessly, particularly in light of the fact that the driver's side car door opened into oncoming traffic; in failing to be properly cognizant of the traffic conditions then and there existing at the time of the accident; in failing to avoid impact with plaintiff and in striking plaintiff such that plaintiff sustained serious and severe injuries; in failing to obey the traffic laws and the traffic light signal at the time of the accident; in acting in total disregard for the safety and welfare of the public and plaintiff in particular; in failing to exercise the degree of skill, care and diligence to which this plaintiff was entitled; in failing to keep plaintiff free from injury; in failing to alert and warn plaintiff of the impending danger;  in failing to hire and retain competent and qualified drivers; in violating numerous sections of statutes, laws, ordinances, and regulations, including, but not limited to the New York State Vehicle and Traffic Laws sections 1101, 1110,

1111, 1111-a, 1128, 1140(a), 1142(a), 1143, 1146, 1151, 1172(a), 1180(A), 1180(d), and 1212, and any other regulations and/or statutes that might apply; in having incompetent, inadequate, and insufficient personnel and agents to operate, maintain, control, and supervise the defendant's vehicle; in causing and allowing injuries to plaintiff; and in other ways acting in a careless, reckless, negligent, dangerous, and hazardous manner; defendant was otherwise reckless, careless and negligent.

23.    As a direct and proximate result of the negligence of defendant's agent, servant and/or employee, plaintiff suffered and will continue to suffer permanent injuries and/or complications and serious injury under New York Insurance Law §§ 5102 and 5104, including, but not limited to the injuries described in paragraph 14; psychological injuries; loss of enjoyment of life, day-to-day existence, activities, functions and involvements; limitation, diminution and/or effect of functions, activities, vocation, avocation and all other activities in which the plaintiff engaged prior to the underlying occurrence; inability to lead a normal life, free from constant medical care; inability to maintain social relations, contacts and participation; exacerbation and aggravation of pre-existing conditions, if any, which were asymptomatic and quiescent prior to this accident and plaintiff was pain-free prior and had no restrictions on his activities of daily living prior to the accident; associated pains, disabilities, discomforts, impairments, impediments, limitations of function and activities; and will suffer naturally and medically-related complications and exacerbations, and further psychological and somatic overlay with resultant disabilities.

24.    As a further direct and proximate result of the negligence of defendant's agent, servant and/or employee, plaintiff was forced to expend large sums of money for

hospitalizations, x-rays, medical treatment and for medicine for treatment of his aforesaid injuries.

25.     As a further direct and proximate result of the negligence of defendant's agent, servant and/or employee, plaintiff was forced to lose time from his employment and has suffered a loss of wages for which he seeks remuneration.

26.     The acts and/or omissions set forth above would constitute a claim under the laws of the State of New York.

27.     The defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

### COUNT II – VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

28.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 27 as if fully set forth herein.

29.     On May 18, 2017, and at the time of the collision with plaintiff as described herein, defendant's agent, servant and/or employee who was then operating the aforesaid motor vehicle was employed by and/or acting on behalf of defendant.

30.     On May 18, 2017, and at the time of the collision with plaintiff as described herein, defendant's agent, servant and/or employee who was then operating the aforesaid motor vehicle was acting within the scope of his employment with defendant.

31.     Defendant's agent, servant and/or employee negligently, carelessly and/or recklessly, directly and proximately caused serious personal injury to plaintiff, including both acts of omission and acts of commission.

32.     As a direct and proximate result of the negligence of defendant's agent, servant and/or employee, plaintiff suffered and will continue to suffer permanent injuries

and/or complications and serious injury under New York Insurance Law §§ 5102 and 5104,

including, but not limited to the injuries described in paragraph 14; psychological injuries; loss

of enjoyment of life, day-to-day existence, activities, functions and involvements; limitation,

diminution and/or effect of functions, activities, vocation, avocation and all other activities in

which the plaintiff engaged prior to the underlying occurrence; inability to lead a normal life,

free from constant medical care; inability to maintain social relations, contacts and

participation; exacerbation and aggravation of pre-existing conditions, if any, which were

asymptomatic and quiescent prior to this accident and plaintiff was pain-free prior and had no

restrictions on his activities of daily living prior to the accident; associated pains, disabilities,

discomforts, impairments, impediments, limitations of function and activities; and will suffer

naturally and medically-related complications and exacerbations, and further psychological and

somatic overlay with resultant disabilities.

33.    As a further direct and proximate result of the negligence of defendant's

agent, servant and/or employee, plaintiff was forced to expend large sums of money for

hospitalizations, x-rays, medical treatment and for medicine for treatment of his aforesaid

injuries.

34.    As a further direct and proximate result of the negligence of defendant's

agent, servant and/or employee, plaintiff was forced to lose time from his employment and has

suffered a loss of wages for which he seeks remuneration.

35.    All of the foregoing occurred solely and wholly by reason of the reckless

and negligent acts of the defendant, as hereinbefore and hereinafter set forth, and without any

negligence on the part of the plaintiff contributing thereto.

36.     The acts and/or omissions set forth above would constitute a claim under the laws of the State of New York.

37.     The defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

**COUNT III – SERIOUS INJURY PER NY INSURANCE LAW §5102 (d)**

38.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 37 as if fully set forth herein.

39.     As a result of defendant's negligence, plaintiff has suffered serious permanent physical injuries as set forth in New York Insurance Law § 5102(d), and is entitled to recover for non-economic loss and for the economic loss to the plaintiff, which is greater than basic economic loss as defined therein.

40.     Plaintiff is a covered person as defined by New York Insurance Law § 5102.

41.     As a direct and proximate result of the negligence of defendant's agent, servant and/or employee, plaintiff suffered and will continue to suffer permanent injuries and/or complications and serious injury under New York Insurance Law §§ 5102 and 5104, including, but not limited to the injuries described in paragraph 14; psychological injuries; loss of enjoyment of life, day-to-day existence, activities, functions and involvements; limitation, diminution and/or effect of functions, activities, vocation, avocation and all other activities in which the plaintiff engaged prior to the underlying occurrence; inability to lead a normal life, free from constant medical care; inability to maintain social relations, contacts and participation; exacerbation and aggravation of pre-existing conditions, if any, which were asymptomatic and quiescent prior to this accident and plaintiff was pain-free prior and had no

restrictions on his activities of daily living prior to the accident; associated pains, disabilities, discomforts, impairments, impediments, limitations of function and activities; and will suffer naturally and medically-related complications and exacerbations, and further psychological and somatic overlay with resultant disabilities.

42.     As a further direct and proximate result of the negligence of defendant's agent, servant and/or employee, plaintiff was forced to expend large sums of money for hospitalizations, x-rays, medical treatment and for medicine for treatment of his aforesaid injuries.

43.     As a further direct and proximate result of the negligence of defendant's agent, servant and/or employee, plaintiff was forced to lose time from his employment and has suffered a loss of wages for which he seeks remuneration.

44.     All of the foregoing occurred solely and wholly by reason of the reckless and negligent acts of the defendant, as hereinbefore and hereinafter set forth, and without any negligence on the part of the plaintiff contributing thereto.

45.     The acts and/or omissions set forth above would constitute a claim under the laws of the State of New York.

46.     The defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff hereby prays that judgment be entered in his favor and against defendant as follows:

a.  Medical expenses, past and future lost wages, pain and suffering, past and future impairment, and loss of enjoyment of life totaling $5,000,000.00.

    b.   Reasonable attorneys' fees, together with costs and disbursements, incurred in this

        civil action;

    c.   Together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       August 8, 2018               Respectfully submitted,

By:      _____

       Gillian C. Thomas, Of Counsel
       Michael J. Aviles & Associates, LLC
       Attorney for Plaintiff
       145 Hudson Street, Suite 5C
       New York, New York  10013
       Tel:  (212) 307-0023
       Fax:  (212) 307-0187